IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIMINAL NO. 1:13-CR-310 |
| ) | |
| WILSON DANIEL PERALTA-BOCACHICA, ) | |
| ) | |
| Defendant. ) | |

PLEA AGREEMENT

Dana J. Boente, United States Attorney for the Eastern District of Virginia, Leslie R. Caldwell, Assistant Attorney General, Criminal Division, Michael P. Ben'Ary, Assistant United States Attorney, Stacey Luck, Special Counsel, Human Rights and Special Prosecutions Section, the defendant, Wilson Daniel Peralta-Bocachica, and the defendant's counsel have entered into an agreement pursuant to Rule 11 of the Federal Rules of Criminal Procedure. The terms of the agreement are as follows:

1. **Offense and Maximum Penalties**

The defendant agrees to plead guilty to Count 7 of the indictment. Count 7 charges the defendant with obstruction of an official proceeding, in violation of Title 18, United States Code, Sections 1512(c). The maximum penalties for this offense are: a maximum of not more than 20 years of imprisonment, a fine of $250,000, full restitution, forfeiture of assets as outlined in paragraph 11 below, a special assessment, and three years of supervised release. The defendant understands that the supervised release terms are in addition to any prison term the defendant may receive, and that a violation of a term of supervised release could result in the defendant being returned to prison for the full term of supervised release.

2.  **Factual Basis for the Plea**

The defendant will plead guilty because the defendant is in fact guilty of the charged offense. The defendant admits the facts set forth in the statement of facts filed with this plea agreement and agrees that those facts establish guilt of the offense charged beyond a reasonable doubt. The statement of facts, which is hereby incorporated into this plea agreement, constitutes a stipulation of facts for purposes of Section 1B1.2(a) of the Sentencing Guidelines.

3.  **Assistance and Advice of Counsel**

The defendant is satisfied that the defendant's attorney has rendered effective assistance. The defendant understands that by entering into this agreement, defendant surrenders certain rights as provided in this agreement. The defendant understands that the rights of criminal defendants include the following:

   a.  the right to plead not guilty and to persist in that plea;
   b.  the right to a jury trial;
   c.  the right to be represented by counsel – and if necessary have the court appoint counsel – at trial and at every other stage of the proceedings; and
   d.  the right at trial to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses.

4.  **Role of the Court**

The parties agree that pursuant to *United States v. Booker*, 543 U.S. 220 (2005), the Court must determine an advisory sentencing guideline range pursuant to the United States Sentencing Guidelines. The parties also agree that the defendant's sentence shall be imposed pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure. The parties agree that a sentence

of not more than 60 months is an appropriate disposition of this case, and that, if the Court accepts the defendant's guilty plea, such recommendation or request binds the Court pursuant to Rule 11(c)(1)(C).

The defendant understands that if the Court accepts the defendant's guilty plea, the Court has jurisdiction and authority to impose a sentence consistent with the terms of this plea agreement. The defendant cannot withdraw his guilty plea based upon the actual sentence if it is for a term of 60 months' imprisonment or less.

5. **Guidelines Calculations**

The parties agree that a faithful application of the United States Sentencing Guidelines (U.S.S.G.) to determine the applicable guideline range yields the following analysis:

    a. <u>Guidelines Manual</u>. The 2013 U.S.S.G. are applicable to this matter.

    b. <u>Total Offense Level</u>. The Total Offense level is 27, calculated as follows:[1]

| | |
|---|---|
| U.S.S.G. § 2J1.2(c)(1) Base Offense Level | 30 |
| Applying 2X3.1 | |
| U.S.S.G. § 3E1.1(b) Acceptance of Responsibility | -3 |
| TOTAL | 27 |

    c. <u>Criminal History Category</u>. The Criminal History Category is I.

    d. <u>Calculation of Guidelines Ranges</u>.

| | | |
|---|---|---|
| U.S.S.G. § 5A | Sentencing Table | 70 - 87 months |
| U.S.S.G. § 5E1.2 | Fine Table | $12,500-$125,000 |

---

[1] The party's agreement herein to any guideline sentencing factors constitutes proof of those factors sufficient to satisfy the applicable burden of proof.

6.  **Waiver of Appeal, FOIA and Privacy Act Rights**

The defendant also understands that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. Nonetheless, the defendant knowingly waives the right to appeal the conviction and any sentence within the statutory maximum described above (or the manner in which that sentence was determined) on the grounds set forth in 18 U.S.C. § 3742 or on any ground whatsoever, in exchange for the concessions made by the United States in this plea agreement. This agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. § 3742(b). The defendant also hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act, 5 U.S.C. § 552a.

7.  **Special Assessment**

Before sentencing in this case, the defendant agrees to pay a mandatory special assessment of one hundred dollars ($100.00) per count of conviction.

8.  **Payment of Monetary Penalties**

The defendant understands and agrees that, pursuant to 18 U.S.C. § 3613, whatever monetary penalties are imposed by the Court will be due immediately and subject to immediate enforcement by the United States as provided for in Section 3613. Furthermore, within 14 days of a request, the defendant agrees to provide all of the defendant's financial information to the United States and the Probation Office and, if requested, to participate in a pre-sentencing debtor's examination and/or complete a financial statement under penalty of perjury. If the Court imposes a schedule of payments, the defendant understands that the schedule of payments

is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. If the defendant is incarcerated, the defendant agrees to voluntarily participate in the Bureau of Prisons' Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments.

9. **Immunity from Further Prosecution in this District**

The United States will not further criminally prosecute the defendant in the Eastern District of Virginia for the specific conduct described in the indictment or statement of facts, except that the United States may prosecute the defendant for any crime of violence or conspiracy to commit, or aiding and abetting, a crime of violence not charged in the indictment as an offense. In such a prosecution the United States may allege and prove conduct described in the indictment or statement of facts. "Crime of violence" has the meaning set forth in 18 U.S.C. § 16.

10. **Forfeiture Agreement**

The defendant understands that the forfeiture of assets is part of the sentence that must be imposed in this case. The defendant agrees to forfeit all interests in any robbery-related asset that the defendant owns or over which the defendant exercises control, directly or indirectly, as well as any property that is traceable to, derived from, fungible with, or a substitute for property that constitutes the proceeds of his offense. The defendant understands that if proceeds of the offense(s) are not available to the United States to be forfeited, the Court must enter a forfeiture money judgment in the amount of the proceeds. *United States v. Blackman*, ___ F.3d ___, 2014 WL 1099271 (4th Cir. Mar. 21, 2014). The defendant further agrees to waive all interest in the asset(s) in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or

federal. The defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant admits and agrees that the conduct described in the charging instrument and Statement of Facts provides a sufficient factual and statutory basis for the forfeiture of the property sought by the government.

11. **Waiver of Further Review of Forfeiture**

The defendant further agrees to waive all constitutional and statutory challenges to forfeiture in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. The defendant also waives any failure by the Court to advise the defendant of any applicable forfeiture at the time the guilty plea is accepted as required by Rule 11(b)(1)(J). The defendant agrees to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding. The defendant understands and agrees that all property covered by this agreement is subject to forfeiture as proceeds of illegal conduct or substitute assets for property otherwise subject to forfeiture.

12. **The Defendant's Obligations Regarding Assets Subject to Forfeiture**

Upon request by the government, the defendant agrees to identify all assets in which the defendant had any interest or over which the defendant exercises or exercised control, directly or indirectly, within the past year. The defendant agrees to take all steps as requested by the United States to obtain from any other parties by any lawful means any records of assets owned at any

time by the defendant. The defendant agrees to undergo any polygraph examination the United States may choose to administer concerning such assets.

### 13. Impact of Guilty Plea on Immigration Status

The defendant recognizes that pleading guilty may have consequences with respect to defendant's immigration status if defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense to which defendant is pleading guilty. Because removal and other immigration consequences are the subjects of a separate proceeding, the defendant understands that no one, including defendant's attorney or the District Court, can predict to a certainty the effect of the defendant's conviction on defendant's immigration status. Defendant nevertheless affirms that defendant wants to plead guilty regardless of any immigration consequences that defendant's plea may entail, even if the consequence is the defendant's automatic removal from the United States.

### 14. Consent Given for Removal from the United States

The defendant acknowledges that the defendant is removable from the United States and agrees not to contest any removal proceedings brought against the defendant by the Department of Homeland Security (DHS). If the DHS files a Notice to Appear or other administrative charging document against the defendant, the defendant agrees to request an expedited removal hearing and to consent to removal. The defendant acknowledges that by consenting to removal, the defendant will be immediately removed from the United States upon the completion of any period of incarceration. The defendant knowingly waives any and all rights to appeal, reopen, reconsider, or otherwise challenge this removal.

### 15. Waiver of Rights Related to Removal from the United States

Except as provided in paragraph 17 below, the defendant agrees to waive the defendant's rights to apply for any and all forms of relief or protection from removal, deportation, or exclusion under the Immigration and Nationality Act (as amended) and related federal regulations. These rights include, but are not limited to, the ability to apply for the following forms of relief or protection from removal: (a) voluntary departure; (b) asylum; (c) withholding of deportation or removal; (d) cancellation of removal; (e) suspension of deportation; (f) adjustment of status; and (g) protection under Article 3 of the Convention Against Torture. As part of this agreement, the defendant specifically acknowledges and states that the defendant has not been persecuted in, and has no present fear of persecution in, Colombia on account of race, religion, nationality, membership in a particular social group or political opinion. Similarly, the defendant further acknowledges and states that the defendant has not been tortured in, and has no present fear of torture in Colombia.

### 16. Exception for Changed Circumstances Arising After Plea

Nothing in this plea agreement shall prohibit the defendant from applying for asylum, withholding of removal, or protection under Article 3 of the Convention Against Torture, provided the application is based solely on changed circumstances arising after the entry of this plea but before the defendant's removal.

### 17. Abandonment of Pending Applications for Relief from Removal

The defendant agrees that upon entry of this plea agreement, the defendant abandons (1) any existing immigration benefit the defendant may hold and (2) any application for relief from removal, deportation, or exclusion the defendant may have filed prior to the completion of this plea agreement. The defendant further agrees not to file or prosecute any application for relief

from removal, deportation, or exclusion, either written or oral, before any federal court, the Board of Immigration Appeals, an immigration judge, or the Department of Homeland Security (DHS), prior to the defendant's removal from the United States, except that the defendant may apply for asylum, withholding of removal, or protection under Article 3 of the Convention Against Torture as provided in paragraph 17 of this plea agreement.

### 18. The Defendant's Cooperation in the Defendant's Removal

The defendant agrees to assist the DHS in the execution of the defendant's removal. Specifically, the defendant agrees to assist the DHS in the procurement of any travel or other documents necessary for the defendant's removal; to meet with and to cooperate with representatives of the country or countries to which the defendant's removal is directed; and to execute those forms, applications, or waivers needed to execute or expedite the defendant's removal. The defendant further understands that the defendant's failure or refusal to assist the DHS in the execution of the defendant's removal shall breach this plea agreement and may subject the defendant to criminal penalties under 8 U.S.C. § 1253.

### 19. Plea Agreement Binding for Purposes of Removal Proceedings

The defendant agrees that the defendant intends the agreements contained in this plea agreement to be binding upon the defendant during any removal proceeding that may be instituted against the defendant as a result of this plea agreement. In particular, the defendant acknowledges and agrees that the agreements concerning removal contained in the plea agreement were entered into by the defendant and the United States with the express understanding that the agreements are binding for purposes of any future removal proceeding before the Board of Immigration Appeals, an immigration judge, or the DHS.

20. **Breach of the Plea Agreement and Remedies**

This agreement is effective when signed by the defendant, the defendant's attorney, and an attorney for the United States. The defendant agrees to entry of this plea agreement at the date and time scheduled with the Court by the United States (in consultation with the defendant's attorney). If the defendant withdraws from this agreement, or commits or attempts to commit any additional federal, state or local crimes, or intentionally gives materially false, incomplete, or misleading testimony or information, or otherwise violates any provision of this agreement, then:

    a.    The United States will be released from its obligations under this agreement, including any obligation to seek a downward departure or a reduction in sentence. The defendant, however, may not withdraw the guilty plea entered pursuant to this agreement;

    b.    The defendant will be subject to prosecution for any federal criminal violation, including, but not limited to, perjury and obstruction of justice, that is not time-barred by the applicable statute of limitations on the date this agreement is signed. Notwithstanding the subsequent expiration of the statute of limitations, in any such prosecution, the defendant agrees to waive any statute-of-limitations defense; and

    c.    Any prosecution, including the prosecution that is the subject of this agreement, may be premised upon any information provided, or statements made, by the defendant, and all such information, statements, and leads derived therefrom may be used against the defendant. The defendant waives any right to claim that statements made before or after the date of this agreement, including the statement of facts accompanying

this agreement or adopted by the defendant and any other statements made pursuant to this or any other agreement with the United States, should be excluded or suppressed under Fed. R. Evid. 410, Fed. R. Crim. P. 11(f), the Sentencing Guidelines or any other provision of the Constitution or federal law.

Any alleged breach of this agreement by either party shall be determined by the Court in an appropriate proceeding at which the defendant's disclosures and documentary evidence shall be admissible and at which the moving party shall be required to establish a breach of the plea agreement by a preponderance of the evidence.

21. **Nature of the Agreement and Modifications**

This written agreement constitutes the complete plea agreement between the United States, the defendant, and the defendant's counsel. The defendant and the defendant's attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in writing in this plea agreement, to cause the defendant to plead guilty. Any modification of this plea agreement shall be valid only as set forth in writing in a supplemental or revised plea agreement signed by all parties.

Dana J. Boente  
United States Attorney

Leslie R. Caldwell  
Assistant Attorney General  
Criminal Division

By: _/s/ Michael P. Ben'Ary_  
Michael P. Ben'Ary  
Assistant United States Attorney  
United States Attorney's Office  
2100 Jamieson Avenue  
Alexandria, VA 22314  
Phone: (703) 299-3700  
Fax: (703) 299-3980  
michael.ben'ary2@usdoj.gov

By: _/s/ Stacey Luck_  
Stacey Luck  
Special Counsel  
Human Rights and Special Prosecutions Section  
Criminal Division, U.S. Department of Justice  
1301 New York Ave., N.W.  
Washington, D.C. 20005  
Phone: 202-514-5650  
stacey.luck@usdoj.gov


<u>Defendant's Signature</u>: I hereby agree that I have consulted with my attorney and fully understand all rights with respect to the pending criminal indictment. Further, I fully understand all rights with respect to Title 18, United States Code, Section 3553 and the provisions of the Sentencing Guidelines Manual that may apply in my case. I have read this plea agreement and carefully reviewed every part of it with my attorney. I understand this agreement and voluntarily agree to it.

Date: 12-12-14    *[signature]*
Wilson Daniel Peralta-Bocachica

<u>Defense Counsel Signature</u>: I am counsel for the defendant in this case. I have fully explained to the defendant the defendant's rights with respect to the pending indictment. Further, I have reviewed Title 18, United States Code, Section 3553 and the Sentencing Guidelines Manual, and I have fully explained to the defendant the provisions that may apply in this case. I have carefully reviewed every part of this plea agreement with the defendant. To my knowledge, the defendant's decision to enter into this agreement is an informed and voluntary one.

Date: 12/12/14    *[signature]*
Lana Marie Manitta, Esq.
Counsel for the Defendant

U. S. DEPARTMENT OF JUSTICE
Statement of Special Assessment Account

This statement reflects your special assessment only. There may be other penalties imposed at sentencing.

| ACCOUNT INFORMATION | |
|---|---|
| CRIM. ACTION NO.: | 1:13-CR-310 |
| DEFENDANT'S NAME: | WILSON DANIEL PERALTA-BOCACHICA |
| PAY THIS AMOUNT: | $100.00 |

INSTRUCTIONS:

1. **MAKE CHECK OR MONEY ORDER PAYABLE TO:**
   *CLERK, U.S. DISTRICT COURT*

2. **PAYMENT MUST REACH THE CLERK'S OFFICE BEFORE YOUR SENTENCING DATE**

3. **PAYMENT SHOULD BE SENT TO:**

|  | In person (9 AM to 4 PM) | By mail: |
|---|---|---|
| **Alexandria cases:** | Clerk, U.S. District Court<br>401 Courthouse Square<br>Alexandria, VA 22314 | |
| **Richmond cases:** | Clerk, U.S. District Court<br>701 East Broad Street, Suite 3000<br>Richmond, VA 23219 | |
| **Newport News cases:** | Clerk, U.S. District Court<br>2400 West Ave, Ste 100<br>Newport News, VA 23607 | |
| **Norfolk cases:** | Clerk, U.S. District Court<br>600 Granby Street<br>Norfolk, VA 23510 | |

4. **INCLUDE DEFENDANT'S NAME ON CHECK OR MONEY ORDER**

5. **ENCLOSE THIS COUPON TO ENSURE PROPER and PROMPT APPLICATION OF PAYMENT**