

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 1:13-CR-310 |
| | ) | |
| WILSON DANIEL PERALTA-BOCACHICA, | ) | The Honorable Gerald Bruce Lee |
| | ) | |
| Defendant. | ) | |

## STATEMENT OF FACTS

Were this matter to go to trial, the United States of America would prove the following facts

beyond a reasonable doubt with admissible and credible evidence:

1.    From on or about June 21, 2014, through on or about June 28, 2013, the defendant,

Wilson Daniel Peralta-Bocachica, did, and did attempt to, corruptly alter, destroy, mutilate and

conceal, objects, specifically, a vehicle bearing Colombian license plate number VEN144 and other

materials, with the intent to impair the objects' integrity and availability for use in an official

proceeding, and did otherwise obstruct and impede an official proceedings, in violation of Title 18,

United States Code, Section 1512(c).

## DEA SPECIAL AGENT JAMES TERRY WATSON

2.    James Terry Watson was a Special Agent (Special Agent Watson) with the Drug

Enforcement Administration (DEA), an agency of the United States Government.

3.    Special Agent Watson was hired by the DEA as a full-time employee serving as a

Special Agent in June 2000.    After serving in DEA's Honolulu District Office, Caribbean

Division, and Foreign-deployed Advisory Support Team, Special Agent Watson was assigned to

DEA's Cartagena, Colombia Resident Office in July 2010.

1

4.    Prior to working for DEA, Special Agent Watson served as a Sheriff's Deputy with the Richland Parish Sheriff's Office, and as a Deputy United States Marshal in the Southern District of Mississippi.

5.    Special Agent Watson was a United States citizen, born on December 9, 1970 in Monroe, Louisiana.

6.    Special Agent Watson was an Internationally Protected Person.

## THE KIDNAPPING AND MURDER OF SPECIAL AGENT WATSON

7.    The co-defendants, Edwin Gerardo Figueroa Sepulveda, also known as "Garcho," Omar Fabian Valdes Gualtero, also known as "Gordo," Edgar Javier Bello Murillo, also known as "Payaso," Hector Leonardo Lopez, also known as "Bavario," Julio Estiven Gracia Ramirez, also known as "Steven," and Andrés Alvaro Oviedo Garcia, also known as "Flaco," also known as "Chino," were members of a conspiracy to conduct "paseo millionario" (millionaire's ride) robberies in Bogota, Colombia.   The conspirators operated taxi cabs in Bogota, Colombia in order to lure victims whom they perceived as wealthy.

8.    On or about June 20, 2013, Figueroa Sepulveda, Valdes Gualtero, Bello Murillo, Leonardo Lopez, Gracia Ramirez, and Oviedo Garcia, each aiding and abetting the others, conspired to kidnap, and did unlawfully kill, with malice aforethought, Special Agent Watson, an internationally protected person, in violation of Title 18, United States Code, Sections 1116(a) and (c), 1201(c) and 2.

9.    On or about June 21, 2013, the defendant obtained possession of the taxi in which Special Agent Watson was stabbed.   The taxi had a Colombian license plate number of VEN 144. On or about June 21, 2013, the defendant learned that Special Agent Watson had been murdered and that there was an ongoing investigation into the murder.   Between on or about June 21, 2013,

2

through on or about June 28, 2013, the defendant washed the taxi, removing blood from the back seat, discarded rags that were used to clean the taxi, and removed and altered the back seats of the taxi.   After altering the taxi, the defendant turned the vehicle over to the Colombian National Police.

10.    This statement of facts includes those facts necessary to support the plea agreement between the defendant and the government.   It does not include each and every fact known to the defendant or the government, and it is not intended to be a full enumeration of all of the facts surrounding the case.

## CONCLUSION

11.    The actions of the defendant as recounted above were in all respects knowing and deliberate, and were not committed by mistake, accident, or other innocent reason.

12.    The Statement of Facts shall be admissible as a knowing and voluntary confession in any proceeding against the defendant regardless of whether the plea agreement is presented to or accepted by a court.   Moreover, the defendant waives any rights that the defendant may have under Fed. R. Crim. P. 11(f), Fed. R. Evid. 410, the United States Constitution, and any federal statute or rule in objecting to the admissibility of the Statement of Facts in any such proceeding.

Respectfully submitted,

Dana J. Boente
United States Attorney

Leslie R. Caldwell
Assistant Attorney General
Criminal Division

By: _____
Michael P. Ben'Ary
Assistant United States Attorney
United States Attorney's Office

By: _____
Stacey Luck
Special Counsel
Human Rights and Special Prosecutions Section

3

## Defendant's Stipulation and Signature

After consulting with my attorney, I hereby stipulate that the above Statement of Facts is true and accurate, and that had the matter proceeded to trial, the United States would have proved the same beyond a reasonable doubt.

_____
WILSON DANIEL PERALTA-BOCACHICA
Defendant

## Defense Counsel's Signature

I am the attorney for WILSON DANIEL PERALTA BOCACHICA.    I have carefully reviewed the above Statement of Facts with him.    To my knowledge, his decision to stipulate to these facts is informed and voluntary.

_____
Lana Marie Manitta, Esq.
Counsel for the Defendant

4